**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RENATA BUTAUSKIENE,<br><br>Plaintiff,<br><br>v.<br><br>BURR RIDGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT 180,<br><br>Defendant. | No. 24-cv-04753<br><br>The Honorable Manish S. Shah |

**MOTION TO QUASH PLAINTIFF'S NOTICE OF DEPOSITION**

Defendant, Burr Ridge Community Consolidated School District 180 (the "District"), by its counsel, Nikoleta Lamprinakos and Elizabeth J. Becker of Robbins Schwartz, Ltd, and moves this Honorable Court to quash Plaintiff's Notice of Deposition as to Dr. Charles Kyle in his personal capacity. In support of said motion, District states as follows:

**BACKGROUND**

On October 20, 2026, this Court entered an Order [67] setting a December 11, 2026 deadline for parties to complete all remaining depositions. Dkt. No. [67]. On October 23, 2026, counsel for Renata Butauskiene ("Plaintiff") sent District's counsel a notice that on November 9, 2026, Plaintiff's counsel would take the deposition of a District Representative pursuant Rule 30(b)(6) of the Federal Rules of Civil Procedure. **Exhibit 1**. All parties duly convened on November 9, 2026 for the Rule 30(b)(6) deposition of Dr. Kyle (the "November Deposition"). Deposition of Dr. Charles Kyle attached hereto as **Exhibit 2**.

During the November Deposition, Plaintiff's counsel asked multiple questions regarding Dr. Kyle's previous experience outside of the time he was acting as the District's representative. *Id*. During the November Deposition, District's Counsel requested and was granted a protective

order precluding questions directed at Dr. Kyle's personal knowledge beyond the scope of Rule 30(b)(6). Dkt. No. [68]. The November Deposition concluded before it was complete and parties agreed to convene on December 1, 2026 at 9:30 a.m. (the "Scheduled Deposition") to finish the Rule 30(b)(6) deposition. **Exhibit 2** at pp. 153-154. That same day, November 9, 2026, Plaintiff's counsel sent the District a notice that they would depose Dr. Kyle in his personal capacity immediately following the Scheduled Deposition. **Exhibit 3**.

The District files a motion herewith for a protective order to limit the Scheduled Deposition to Rule 30(b)(6) and quash Plaintiff's notice for an additional deposition of Dr. Charles Kyle in his official capacity.

## ARGUMENT

### I. Plaintiff's Request to Depose the Witness in His Personal Capacity is Untimely

While parties have the broad capacity to seek depositions during discovery, the Court may limit the scope of discovery after weighing the totality of circumstances. *Patterson v. Avery Dennison Corp*., 281 F.3d 676, 681 (7th Cir. 2002). The party seeking a protective order bears the burden of showing good cause through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Ball Corp. v. Air Tech of Michigan, Inc*., 329 F.R.D. 599, 602 (N.D. Ind. 2019) quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). In such cases where Courts have quashed deposition requests by counsel, discovery deadlines and preparation time have factored into decisions. *Id*.

The request for back-to-back depositions with different scopes days before the end of discovery is similar to past cases where the Court limited discovery. In *Woodward v. Emulex Corp*., notices for three depositions came at the discovery deadline and were to occur in successive days. 714 F.3d 632, 637 (1st Cir. 2013). The district court quashed the notices and the 7th Circuit

upheld the decision stating that, "Woodward gave notice of the depositions at the last available moment, and then he proved to be the major barrier to their completion." *Id*. Plaintiff's counsel has requested an additional deposition outside the scope of Rule 30(b)(6) for the Witness on the same day the original November Deposition is completed. The parties also have depositions with other witnesses scheduled for the same day as the Scheduled Deposition as well as two other depositions the next day and on December 10, 2026. **Exhibit 2** at p. 153. By noticing the additional deposition for December 1, 2026, Plaintiff is attempting to squeeze three separate depositions into a single day.

## II. Plaintiff Should Have Noticed a Deposition for Dr. Kyle in His Personal Capacity Months Ago

Dr. Kyle is not a newly identified figure in the case nor is he providing clarity on facts that were not known well in advance. Plaintiff identified Dr. Kyle as playing a role in Plaintiff's termination as far back as the Complaint filing on June 7, 2024. Dkt. No. [1] at ¶ 65. Dr. Kyle was never noticed for deposition until he was identified by the District as a representative for Rule 30(b)(6) purposes. Sudden and late notice for a new deposition of a known witness is not automatically granted without showing cause to delay. The Court in *Promier Prods., Inc. v. Orion Cap. LLC* denied a request to interview a witness where the deposing party should have identified the witness much earlier in the process and "Instead, [deposing party] waited another four months until June 12, 2023, the then–last day of discovery, to request permission to take the depositions. And it did so without providing a cogent explanation for why the delay occurred." *Promier Prods., Inc. v. Orion Cap. LLC*, 708 F. Supp. 3d 1376, 1385 (N.D. Ill. 2023).

The Seventh Circuit has identified the considerations that defeat such a belated request: the party "knew of [the witness] months before discovery closed, [the] request was late, and the expected value of [the] testimony was weak." *Raymond v. Ameritech Corp*., 442 F.3d 600, 603

(7th Cir. 2006). In the present case, Plaintiff's counsel knew from the moment the Complaint [1] was filed that Dr. Kyle was associated with the case and waited two years until the final month of discovery to notice a deposition. Plaintiff's counsel only sent the November 9 notice after the Court entered the order that questions to Dr. Kyle in his personal capacity were barred during the November Deposition. Operating under the assumption that Plaintiff's counsel could question Dr. Kyle in his personal capacity during a Rule 30(b)(6) deposition is not a valid excuse to schedule a third deposition for the same day.

## III. The Court Should Limit the Scheduled Deposition to Rule 30(b)(6) Topics

The District has two scheduled depositions for the same day as the Scheduled Deposition on December 1, 2026. In order to allow the Court the opportunity to rule on the merits of this motion, the District requests that, initially, the Court limit the Dr. Kyle's deposition of December 1, 2026 to only those approved Rule 30(b)(6) topics. This would be in accordance with the order [68] issued on November 9, 2026. Dkt. No. [68]. Should the Court's ruling on this motion require Dr. Kyle to be deposed in his personal capacity, Defense Counsel will work to get that deposition scheduled as quickly as possible taking everyone's schedules into account.

## CONCLUSION

The relief the District seeks is modest and consistent with the Court's prior ruling. The District does not ask the Court to forbid all discovery from Dr. Kyle; it asks only that the continued 30(b)(6) deposition proceed as what it was noticed to be, the District's Rule 30(b)(6) deposition on the enumerated topics, and that Plaintiff be precluded from examining Dr. Kyle in his individual capacity. That relief holds Plaintiff to the notice it originally served and to the limitation the Court has already imposed. Dkt. No. [68].

For the foregoing reasons, the District respectfully requests that the Court enter a protective order under Federal Rule of Civil Procedure 26(c): (1) confining the continued December 1, 2026 deposition of Dr. Charles Kyle to his capacity as the District's Rule 30(b)(6) corporate representative on the topics identified in Plaintiff's Amended Rule 30(b)(6) deposition notice and consistent with this Court's protective order; (2) precluding Plaintiff from examining Dr. Kyle in his individual or personal capacity; and (3) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

BURR RIDGE COMMUNITY
CONSOLIDATED SCHOOL DISTRICT 180

By: /s/ *Nikoleta Lamprinakos*
One of Its Attorneys

Nikoleta Lamprinakos (6274018)
Elizabeth J. Becker (6347543)
Thomas J. Juettner (6333786)
ROBBINS SCHWARTZ, LTD.
190 S. LaSalle St., Suite 2550
Chicago, IL 60603
Phone: 312.332.7760
nlamprinakos@robbins-schwartz.com
ebecker@robbins-schwartz.com
tjuettner@robbins-schwartz.com

**PROOF OF SERVICE**

I, Nikoleta Lamprinakos, an attorney, certify that the foregoing Motion to Quash Plaintiff's Notice of Deposition was electronically filed with the Clerk of the Court using the CM/ECF system on this 24th day of November, 2026, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D).

/s/ Nikoleta Lamprinakos